USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-5-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA         :
                                 :
     -against-                   :     No. 96 Cr. 126 (JFK)
                                 :     **Memorandum Opinion & Order**
ALDO MITCHELL,                   :
                                 :
               Defendant.        :
-------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Aldo Mitchell's ("Mitchell" or "Defendant") pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the motion is denied.

## I. Background

On July 28, 2000, Mitchell was convicted after a jury trial of: (1) a racketeering conspiracy involving the distribution of cocaine base as well as attempted robbery, in violation of 18 U.S.C. § 1962(d); (2) a conspiracy to commit robbery, in violation of 18 U.S.C. § 1951; and (3) the attempted armed robbery of a drug dealer, during which the victim was shot, in violation of 18 U.S.C. § 1951. At sentencing on March 26, 2001, the Court adopted the United States Sentencing Guidelines ("U.S.S.G.") calculations set forth in the Pre-Sentence Report ("PSR"), finding Mitchell's total offense level to be 39 and his Criminal History Category to be IV.

1

To arrive at this total offense level, the offense levels for each of two sets of racketeering activity were separately calculated and then subjected to a grouping analysis. Specifically, the racketeering count, robbery conspiracy count, and attempted robbery count were grouped according to U.S.S.G. § 3D1.2(a). Pursuant to U.S.S.G. § 2E1.1, the base offense level for racketeering offenses is the greater of 19 or the offense level applicable to the underlying racketeering activity. As the underlying racketeering activity in this group involved robbery, U.S.S.G. § 2B3.1(a) provided for a base offense level of 20. The Court then applied the following enhancements: a seven-level increase, pursuant to U.S.S.G. § 2B3.1(b)(2)(A), because a firearm was discharged during the course of the attempted robbery; a four-level increase, pursuant to U.S.S.G. § 2B3.1(b)(3)(B), because the victim of the attempted robbery was shot in the back and sustained serious bodily injury; a four-level increase, pursuant to U.S.S.G. § 2B3.1(b)(4)(A), because the victim of the attempted robbery was abducted; and a two-level increase, pursuant to U.S.S.G. § 3C1.1, because Mitchell obstructed justice by threatening a co-conspirator and a detective and suborning perjury from his alibi witness. See March 26, 2001 Sent. Tr. at 23-24. Thus, the adjusted offense level for the robbery conduct was 37. With respect to the cocaine distribution racketeering activity, the Court found that

Mitchell was involved in the distribution of between 150 and 500 grams[1] of cocaine base. See id. at 24. Under § 2D1.1(c) of the Guidelines in effect at the time of sentencing, the base offense level for this quantity of crack cocaine was 34. Along with the obstruction of justice enhancement, the adjusted offense level for the crack cocaine conduct was 36.

To determine the combined racketeering offense level, in accordance with U.S.S.G. § 3D1.4(a), the group with the highest offense level – the robbery conduct at level 37 - was assigned one unit, and the cocaine conduct - one offense level less serious than the robbery conduct - was assigned one unit. Two units resulted in a two level increase to the highest group's offense level, leading to a total offense level of 39. Mitchell's applicable Guidelines range was 360 months' to life imprisonment, and he ultimately received a sentence of 360 months. Mitchell now moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 750.

## II.    Discussion

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007). However, "in the case of a defendant who has been

---

[1] The Pre-Sentence Report pinpoints the relevant quantity of cocaine base distributed at 200 grams. See PSR ¶ 54.

3

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). On November 1, 2011, U.S.S.G. Amendment 750 went into effect, altering the base offense levels in U.S.S.G. § 2D1.1 for certain cocaine offenses. Pursuant to U.S.S.G. § 1B1.10(c), the policy statement covering reduction of a term of imprisonment as a result of a Guidelines Amendment, Amendment 750 (parts A and C) applies retroactively to previously sentenced defendants.

In Dillon v. United States, 130 S. Ct. 2683 (2010), the United States Supreme Court set forth a two-step inquiry for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. First, the court must determine whether the defendant is eligible for a sentence reduction. Id. at 2691. To determine eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if [Amendment 750] had been in effect at the time the defendant was sentenced. In making such determination, the court shall . . . leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If a defendant

is eligible for a reduction of sentence, "the second step of the analytical framework set forth in Dillon requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (quoting Dillon, 130 S. Ct. at 2692). The court is not authorized to reduce a defendant's sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Amendment 750 reduces the offense level for narcotics offenses involving at least 112 grams but less than 196 grams of cocaine base to level 28 and offenses involving at least 196 grams but less than 280 grams of cocaine base to level 30. See U.S.S.G. § 2D1.1(c)(5), (c)(6) (2011). Both the Government and the PSR hold Defendant accountable for the distribution of 200 grams of crack cocaine. Using this quantity, the base offense level for the cocaine distribution underlying the racketeering offense would be 30, plus the obstruction of justice enhancement, for an adjusted offense level of 32. However, at sentencing, the Court found that "the Government has proved by a preponderance of the evidence that Mr. Mitchell was involved in a narcotics conspiracy of at least 150 grams but less than 500

grams of cocaine base." March 26, 2011 Sent. Tr. at 24. Using this range, Defendant could theoretically be accountable for some amount of crack cocaine of at least 150 grams but less than 196 grams, which would result in an adjusted offense level of 30.

The grouping provision of U.S.S.G. § 3D1.4(b) obviates any need for the Court to determine the exact quantity of cocaine base at issue. Regardless of whether Defendant is held responsible for the distribution of 150 or 200 grams of crack cocaine, the robbery conduct drives his Guidelines calculation. As discussed above, the robbery conduct underlying the racketeering offense, with an adjusted offense level of 37, is assigned one unit. See U.S.S.G. § 3D1.4(a). The cocaine conduct underlying the racketeering offense, with an amended adjusted offense level of either 30 or 32, is assigned one-half unit because it is five to eight levels less serious than the robbery group. Id. § 3D1.4(b). One and one-half units results in a one level increase to the group with the highest offense level. Id. § 3D1.4. Accordingly, the amended combined offense level for Defendant's racketeering offense involving both attempted robbery and the distribution of cocaine base is 38. With a total offense level of 38 and a Criminal History Category of IV, Defendant's amended Guidelines range is 324 to 405

months' imprisonment.  Consequently, Defendant is eligible for, at most, a 36-month reduction of sentence.

In the Court's view, however, no reduction is warranted in light of the contemptible and extraordinarily violent nature and circumstances of Defendant's offenses of conviction.  See 18 U.S.C. § 3553(a)(1).  Particularly, in July 1997, Defendant recruited several associates, including a seventeen-year-old, to rob a drug dealer at gunpoint.  During the course of the July 4, 1997 attempted robbery, Defendant's associates abducted the victim, brandished a firearm, held down and pistol-whipped the victim, and then shot the victim in his back and legs as he tried to flee.  See PSR ¶¶ 27-31.  After his arrest, Defendant threatened to kill a co-conspirator he believed to be a cooperating witness, as well as a New York City Police Detective.  See PSR ¶¶ 35-36.  As the Court noted at sentencing, even more "pernicious" than these threats was Defendant's subornation of perjury, "an outrage which must be punished." March 26, 2001 Sent. Tr. at 24.  Neither the passage of time nor Amendment 750 has changed the Court's sentiments.  Moreover, a review of the Bureau of Prisons Progress Report reveals that Defendant's troubling conduct has continued during his incarceration, where he has amassed numerous disciplinary sanctions, including four citations for possession of a dangerous weapon, seven citations for assault or fighting, and

7

one citation for possession of drugs or drug items. See U.S.S.G. § 1B1.10, cmt. (n.1(B)(iii)) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted.").

Notwithstanding the recent determination by Congress and the Sentencing Commission that crack cocaine offenders may be sentenced more leniently, the need to punish this Defendant, protect society, and deter others from committing similarly violent acts is as strong today as it was ten years ago. The Court has carefully considered the factors enumerated in 18 U.S.C. § 3553(a) and continues to believe that a sentence of 360 months' imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing.

### III. Conclusion

Defendant's motion for a reduction of sentence is denied.

**SO ORDERED.**

Dated:   New York, New York
         January 5, 2012

/s/ John F. Keenan
John F. Keenan
United States District Judge

8